Filed 8/18/20  P. v. Menefee CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRIS CURTIS MENEFEE<br><br>    Defendant and Appellant. | B297701<br><br>(Los Angeles County<br>Super. Ct. No. BA239920) |

APPEAL from an order of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Affirmed.

Matthew Alger, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters , Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant Chris Curtis Menefee was convicted of first degree murder in 2004. In 2019, he filed a petition to vacate his conviction under Penal Code section 1170.95.[1] The court appointed appellant counsel and ordered the parties to brief the issue. The trial court denied appellant's petition on the grounds that 1170.95 was unconstitutional, and in the alternative, because based on the parties' briefs and the facts of the case, appellant did not establish that he was eligible for relief. Appellant appealed.

We affirm. Appellant argues, and the Attorney General concedes, that the trial court erred in finding section 1170.95 unconstitutional. We agree that the court's holding on that basis was erroneous. Appellant also asserts that because his petition made a prima facie showing of entitlement to relief, the trial court erred by denying the petition without first issuing an order to show cause and holding an evidentiary hearing. We find no error; the trial court followed the appropriate procedures. Appellant does not challenge the trial court's finding that he is ineligible for relief under section 1170.95 based on the facts of the underlying conviction. We therefore affirm the court's denial of appellant's petition.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     Underlying conviction

According to our previous unpublished decision in this case, *People v. Menefee* (Nov. 8, 2005, B177829 [nonpub. opn.]) (*Menefee*), appellant was convicted of the willful, deliberate, and

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

2

premeditated murder of Tyzell Carter. (§ 187, subd. (a).) Appellant, codefendant Cedrick Deion Broussard,[2] and victim Carter belonged to the "Playboy Gangster Crip gang." Taniesha Prescott, an associate of the gang who was in a relationship with appellant, testified that members of the gang called Carter a "buster," meaning that Carter had switched allegiance to another gang. An older member of the gang had reprimanded Carter and put out a call for a hit on him. In April 2002, Carter was found dead of multiple gunshot wounds.

Appellant told Prescott that he and Broussard killed Carter. Prescott also overheard appellant and Broussard discussing the murder; appellant said he told Broussard to "finish him off." Broussard responded that when Carter took off running, "[h]e ran behind him, and he did finish him." (*Menefee, supra*, B177829.) Prescott also testified she overheard appellant tell others that he killed Carter. (*Ibid.*)

At trial in July 2004, the jury found appellant guilty of murder, and "found true the special allegations that a principal had used a firearm that caused great bodily injury and death (§ 12022.53, subds. (b), (c), (d), (e), (e)(1)), but found not true the allegations that appellant had so used a firearm." (*Menefee, supra,* B177829.) We affirmed the judgment. (*Ibid.*)

## B.     Appellant's petition to vacate his conviction

In Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), the Legislature amended "'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to

---

[2]Appellant and Broussard were charged together, but the trial court severed appellant and Broussard's trials. (*Menefee, supra*, B177829.)

3

ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247 (*Lamoureux*).) In SB 1437 the Legislature also enacted section 1170.95, which allows a "person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition . . . to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts" under certain conditions. (§ 1170.95, subd. (a).) These changes became effective on January 1, 2019.

On January 3, 2019, appellant filed a petition to vacate his conviction under section 1170.95. He checked the box on the form stating that he had been convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine. He also checked the boxes stating that he was not the actual killer, he did not aid or abet the actual killer, he was not a major participant in the felony, and he did not act with reckless indifference to human life. Appellant requested that counsel be appointed for him.

On January 15, 2019, the trial court issued an order appointing counsel for appellant. The court also established a schedule for the prosecution and defense to file briefs, and set a hearing "to determine, including but not limited to, whether a prima facie showing by the defendant has been made and whether the court will issue an OSC hearing date."

The Los Angeles County District Attorney (the People) filed a memorandum and supplemental memorandum asserting that appellant's petition should be denied because section 1170.95 was unconstitutional. The People also asserted that appellant was

ineligible for relief based on the crime, asserting, "[Appellant] was convicted of willful, deliberate, and premediated murder— first degree murder. The jury found the gang allegation to be true. The review of the evidence at trial by the Court of Appeal [in *Menefee, supra*], showed that [appellant] made admissions about killing the victim." The People asserted that therefore, "no prima facie showing of eligibility has been established."

Appellant filed a reply memorandum and supplemental memorandum asserting that section 1170.95 was constitutional. He also argued that the jury found not true the allegation that appellant personally used a firearm.[3] Appellant also contended, "the jury heard the evidence, of [appellant's] statement, yet it found false the allegations that [appellant] personally used a firearm. Hence, that evidence cannot show that [appellant] has failed to make a prima facie case that he was not the actual killer. Given that the jury made no express finding either that [appellant] aided and abetted the killer with the intent to kill or that he acted with reckless indifference to human life, then clearly [appellant] has made a prima facie case that he could not be convicted of first degree murder under current law, and hence is eligible for a resentencing hearing." Appellant asserted that "the evidence that the People cite is not relevant to whether [appellant] has made a prima facie case," and the court was required to issue an order to show cause and schedule a hearing.

---

[3]The People stated in its response memorandum that the jury found true the allegation that appellant personally discharged a firearm, causing the victim's death. (§ 12022.53, subd. (d).) The People later acknowledged in its supplemental memorandum that this was incorrect.

At a hearing on March 11, 2019, the court stated that the hearing was "to make a determination as to whether this case should proceed to O.S.C." The court said it had read the parties' briefs, and "also reviewed the remittitur [in] the file, the sentencing, the preliminary hearing, and the jury instructions." The court stated that it agreed with the People that section 1170.95 was unconstitutional, and the application should be denied on that basis.

The court continued, stating that "if hypothetically" the statute were found to be constitutional, the court would still deny the petition. The court noted that the victim died of multiple gunshot wounds, and "there's two shots, one to the face and one to the back. Both defendants were the shooters." The court stated, "According to the transcripts and everything that I've reviewed, [appellant] tells Mr. Broussard, the co-defendant, after [appellant] fires the first shot to the face, something to the effect of 'Go finish him off.' [¶] Broussard then goes after him, finishes him off. [¶] Both are the shooters. Both are in cahoots, for lack of a better word, and both are major participants in the death. Both had the intent to kill." The court acknowledged the jury's not true finding on the allegation regarding personal use of a firearm, and stated, "But the court can't disregard the fact that even though that wasn't the case, there's two shooters here." The court therefore found that appellant was a "major participant" in the case.

The People noted that it submitted the jury instructions[4] from appellant's trial to the court. The instructions clarified that

---

[4]The Attorney General attached the jury instructions to a request for judicial notice on appeal, which we granted.

the People "withdrew two key theories. They withdrew felony murder jury instructions and they also withdrew natural [and] probable consequences instructions, so those legal theories were not presented . . . in trial and to the jury." The court added that there were "plenty of references in the remittitur"—possibly referring to *Menefee, supra*—"that reflect that [appellant] was an active participant" in the crime. The court therefore denied the petition.

Appellant timely appealed.

## DISCUSSION

Appellant asserts two arguments on appeal. First, he contends that the trial court erred in holding that section 1170.95 is unconstitutional, and denying the petition on that basis. The Attorney General concedes that appellant is correct. We agree. In the months since the trial court's ruling, section 1170.95 has been held to be constitutional. (See *People v. Solis* (2020) 46 Cal.App.5th 762; *Lamoureux, supra,* 42 Cal.App.5th 241.) The court's denial of the petition on this basis was erroneous.

Second, appellant asserts that the trial court erred by denying his petition without issuing an order to show cause and holding an evidentiary hearing. Appellant contends that "a petitioner makes a prima facie showing that he is entitled to relief when he alleges by a declaration in his petition that he is eligible for relief based upon each of the three criterion set forth in subdivision (a) of section 1170.95. That is what appellant did." He argues that because his petition made this prima facie showing, the court was required to issue an order to show cause under section 1170.95, subdivision (c). He asserts that the error "adversely affected the framework of the petition procedure and

7

denied appellant the process to which he was entitled," so "reversal is required."

Appellant's argument fails to address the full process required under section 1170.95. There are three phases of review under section 1170.95 before a petitioner is entitled to issuance of an order to show cause and an evidentiary hearing. First, there must be an "initial finding the petition is facially sufficient" under section 1170.95, subdivision (b)(2). (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 329, rev. granted, S260493, March 18, 2020 (*Verdugo*).) In this first phase, a "sentencing court may deny a petition without prejudice if any of the information required by subdivision (b)(1) is missing from the petition and cannot be readily ascertained by the court." (*Id.* at pp. 327-328; see also § 1170.95, subd. (b)(2).) Second, under section 1170.95, subdivision (c), the court completes "a preliminary review of statutory eligibility," before any briefing is filed, "to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be eligible for relief." (*Verdugo, supra*, 44 Cal.App.5th at p. 328; § 1170.95, subd. (c) ["The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section."].) Third, "after briefing by both sides," the court assesses the petition, briefing, and relevant case documents to "determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo, supra*, 44 Cal.App.5th at p. 328, 330.) Following the third phase, "[i]f the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

Here, appellant asserts he was entitled to have the court issue an order to show cause and set an evidentiary hearing after only the first phase of review. He asserts that "regardless of whether the trial court believed appellant's allegations, if he made a prima facie showing on the face of his petition that he is entitled to relief, the trial court was required to issue an order to show cause and hold an evidentiary hearing." Appellant contends he was therefore entitled to a hearing "at which he would have an opportunity to present evidence to prove the prima facie showing that he had made in his petition."

As the Attorney General points out, however, "the mere fact that a petition is facially sufficient under section 1170.95, subdivision (b) does not satisfy either of the subsequent two prima facie steps" under subdivision (c). We agree. Appellant was not entitled to an order to show cause and an evidentiary hearing based solely on his petition. Such a holding would improperly render the language in section 1170.95, subdivision (c), mere surplusage. (See *Verdugo, supra*, 44 Cal.App.5th at p. 328-329.)

Appellant does not challenge any other aspect of the trial court's ruling, or assert that he is eligible for relief under section 1170.95 in light of the facts of the underlying case. We therefore do not address the court's substantive bases for finding that appellant failed to demonstrate a prima facie case under section 1170.95, subdivision (c). The trial court did not err by denying appellant's petition without first issuing an order to show cause or holding an evidentiary hearing.

## DISPOSITION

The order denying appellant's petition under section 1170.95 is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


WILLHITE, J.